# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**VIOLET L. HOFF,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0395** (BOR Appeal No. 2052251)
(Claim No. 2016031844)

**CABELL HUNTINGTON HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Violet L. Hoff, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cabell Huntington Hospital, Inc., by Jillian L. Moore, its attorney, filed a timely response.

The issue on appeal is an additional compensable condition and medical benefits. The claims administrator denied a request to add an injury to the cervical spine as a compensable condition of the claim on October 13, 2016. In a separate decision on October 13, 2016, the claims administrator denied authorization of a neurological consultation for tremors, a pain clinic referral for neck pain and cervical spondylosis, and a cervical MRI. The Office of Judges affirmed the decisions in its September 28, 2017, Order. The Order was affirmed by the Board of Review on March 27, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hoff, a registered nurse, was injured in the course of her employment when she was pinned between two motorized hospital beds. An employee report of injury completed that day indicates Ms. Hoff injured her low back at work after being pinned between motorized hospital beds. It was indicated that she was pinned at the lumbar spine level. She was diagnosed with low back sprain, right wrist sprain, and right shoulder sprain. The claim was held compensable for

right wrist sprain, shoulder sprain, and low back sprain. In the report of injury, it was stated that Ms. Hoff injured her wrist, right shoulder, and upper and lower back when she was pinned between two motorized hospital beds.

A July 19, 2016, treatment note by Suzanne Spooner, NP, at Cabell Huntington Hospital indicates Ms. Hoff reported neck pain that radiated into the shoulders and arms. She also had low back pain. A prior cervical fusion at C5-6 was mentioned. She had limited range of motion in cervical extension. She was diagnosed with a prior fusion at C5-6 in 2007, most likely with cervical spondylosis at C4-5. A cervical MRI from May of 2007 notes that Ms. Hoff sustained an injury while lifting. The MRI showed moderate spondylosis at C5-6 with a suspected lateral disc herniation and narrowing of the C5-6 foramen. There was also moderate spinal stenosis and a suspected central disc protrusion. Cervical x-rays showed a fusion at C5-6.

A treatment note by Ms. Spooner dated August 16, 2016, states that Ms. Hoff reported a host of issues including upper and lower back pain, neck pain, and tremors. Ms. Spooner found that the tremors were functional tremors that were easily distractible. It was noted that Ms. Hoff underwent a cervical MRI on August 3, 2016, which showed degenerative changes and disc space narrowing at C4-5. There was also mild to moderate spinal canal stenosis at C5-6. Nothing was found to explain the neck symptoms. Ms. Spooner opined that Ms. Hoff's scans showed no reason for her symptoms and suggested she be evaluated for an anxiety disorder. She also recommended referral to a pain clinic for the neck and lumbar symptoms. A treatment note by Dana Lycans, M.D., treated Ms. Hoff for her right shoulder and tremors on August 17, 2016. Referral to a neurosurgeon was recommended to see if the tremor was the result of a neurological condition or caused by pain.

Rebecca Thaxton, M.D., performed a records review on August 22, 2016, in which she opined that Ms. Hoff's cervical problem is not related to the compensable injury. She stated that the mechanism of injury did not involve the neck since Ms. Hoff was pinned between the beds at the lumbar level. The incident report does not mention an injury to the neck, nor does the first treatment note dated June 20, 2016. Neck pain wasn't mentioned until two weeks after the compensable injury occurred. Dr. Thaxton also found that Ms. Hoff has a history of a prior neck surgery for cervical spondylosis and degeneration. Dr. Thaxton further opined that the referral to a pain clinic should not be authorized. The referral was for neck pain and cervical spondylosis, neither of which are related to the compensable injury. Lastly, Dr. Thaxton found that a consultation for tremors should not be authorized because it is unclear how the condition relates to the compensable injury.

In a September 9, 2016, independent medical evaluation, Prasadarao Mukkamala, M.D., noted that Ms. Hoff injured her neck in 2007 at home while lifting and that she had a fusion at C6-7. She reported pain in her lower back, right shoulder, right wrist, and numbness in her right little finger. Dr. Mukkamala opined that the history of the compensable injury shows that Ms. Hoff injured her lower back but had no injury to the neck or cervical spine. Neck complaints were not made until two weeks after the compensable injury occurred.

A treatment note by Dr. Lazowska dated November 8, 2016, indicates Ms. Hoff reported right hand tremors which was found to be a resting tremor that went away when she was distracted. Dr. Lazowska opined that the tremor appeared to be non-physiological. A right upper extremity EMG was performed on March 8, 2017, and showed moderate carpal tunnel syndrome. It was noted that there was no evidence of cervical radiculopathy that would explain Ms. Hoff's cervical symptoms.

Ms. Hoff testified in a deposition on January 24, 2017, that her neck pain began the morning after the compensable injury occurred. She stated that she completed an incident report the day after the injury and that she mentioned neck pain at that time. Ms. Hoff also testified that she was told the neck pain was a result of her right shoulder injury. She also reported right arm tremors that began two weeks after the injury. She stated that after her prior cervical fusion, she was released to return to work on full duty with no restrictions. Ms. Hoff asserted that she had no intervening injury to her cervical spine until the compensable injury.

In a July 11, 2017, independent medical evaluation, Marsha Bailey, M.D., noted that Ms. Hoff reported daily hand tremors and constant lower cervical spine pain with radiation into both arms. On examination, the cervical spine was tender and range of motion was pain restricted. Dr. Bailey also noted a right hand tremor that was off and on during the evaluation. Dr. Bailey opined that the compensable injury caused simple sprains/strains and perhaps contusions to the lower back, right wrist, and right shoulder. She stated that the sprains/strains should have resolved long ago and are not responsible for Ms. Hoff's current complaints. Dr. Bailey noted a long history of cervical and lumbar complaints that began years before the compensable injury. She also noted that the cervical MRI did not correspond with the cervical complaints. Dr. Bailey opined that the compensable injury did not cause direct trauma to the cervical spine. She noted that the case was complicated by Ms. Hoff's mental health issues and that the hand tremor was likely the result of anxiety as the tremors were easily distractible and nonphysiological. Dr. Bailey opined that a cervical MRI and pain management for the cervical spine were not necessary to treat the compensable injury. She stated that pain management would be to treated noncompensable degenerative changes.

On October 13, 2016, the claims administrator denied a request to add an injury to the cervical spine as a compensable condition of the claim. In a separate decision the same day, it denied authorization of a neurological consultation for tremors, a pain clinic referral for neck pain and cervical spondylosis, and a cervical MRI. The Office of Judges affirmed the decisions in its September 28, 2017, Order.

The Office of Judges found that Ms. Hoff had a prior cervical fusion at C5-6. Ms. Spooner noted that the August 3, 2016, cervical MRI showed no abnormalities to explain Ms. Hoff's symptoms. Further, Dr. Lazowska found that the tremors were distractible and appeared to be nonphysiological. The Office of Judges determined that the report of injury made no mention of the neck or cervical spine. The treatment note from Cabell Huntington Hospital the day of the injury also failed to mention neck or cervical symptoms. Given Ms. Hoff's previous neck problems, the mechanism of injury, and the conflicting medical records, the Office of Judges found that a statement from a medical provider linking the cervical symptoms to the

3

compensable injury was necessary. No such opinion can be found in the record. In fact, the Office of Judges noted that the records of Drs. Thaxton, Mukkamala, and Bailey indicate the cervical symptoms are not related to the compensable injury. Therefore, the Office of Judges affirmed the claims administrator's decision denying the addition of a cervical spine injury to the claim. The Office of Judges also affirmed the claims administrator's denial of authorization of a neurological consultation for tremors, a pain clinic referral for neck pain and cervical spondylosis, and a cervical MRI for the same reasons. Ms. Hoff failed to prove by a preponderance of the evidence that the cervical spine is a compensable component of the clam. Therefore, treatment for such was properly denied. The Office of Judges also concluded that Ms. Hoff failed to show a causal connection between the compensable injury and her tremors. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 27, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Hoff failed to show a causal connection between the compensable injury and her cervical spine symptoms. The medical evidence and mechanism of injury indicate the cervical symptoms are unrelated to the compensable injury. The medical records also indicate that her tremors are not the result of her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**  November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.